**UNITED STATES of America,**
**Appellee,**

v.

**Melvin T. KNIGHT, Appellant.**

No. 01–3145.

United States Court of Appeals,
District of Columbia Circuit.

April 22, 2003.

Before SENTELLE, ROGERS, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). It is

ORDERED and ADJUDGED that the judgment of the district court be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

MEMORANDUM

Appellant Melvin Knight, who entered a conditional plea of guilty under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, appeals the district court's refusal to dismiss his indictment under the Speedy Trial Act, 18 U.S.C. § 3161 et. seq. The Act requires that no more than 70 days elapse from indictment or arraignment to trial, other than days properly excluded from the computation. 18 U.S.C. § 3161(c)(1). Knight challenges the district court's exclusion of time for defense counsel's consideration of the need for a motion to withdraw from representation (which ultimately was not filed), and for the government's preparation of a motion to disqualify defense counsel (which was filed and denied by the court).

In *United States v. Wilson*, 835 F.2d 1440 (D.C.Cir.1987), we held that the Speedy Trial Act permits the district court to exclude time allotted for preparation of a defense motion. Although *Wilson* left open the question of whether the Act permits the exclusion of time for preparation of a prosecution motion, *see id.* at 1444, Knight does not contest the exclusion of time on that basis. Instead, he asserts that exclusions for motion preparation are proper only where the motion involves "novel issues, which was not the case below." Appellant's Br. at 7. He apparently makes this argument in reliance on the following legislative history of the Speedy Trial Act, quoted in dictum by the Supreme Court in *Henderson v. United States:* " '[I]n routine cases, preparation time should not be excluded where the questions of law are not novel and the issues of fact simple. However, the Committee would permit ... reasonable preparation time for pretrial motions in cases presenting novel questions of law or complex facts.' " *Henderson*, 476 U.S. 321, 328 n. 8, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986) (quoting SEN. REP. No. 96–212, at 34 (1979)).

We need not decide in this case whether the exclusion of preparation time must be limited to non-routine, complex, or novel

issues. The motions in question here involved potential conflicts of interest in defense counsel's representation of Knight. The issues were not routine, were factually complex, and had serious implications for Knight's Sixth Amendment rights. Because Knight has given us no reason to conclude that the time required to prepare those motions should have been excluded from the Speedy Trial Act computation, we affirm the judgment of the district court.